**SO ORDERED.**

**SIGNED this 04th day of August, 2010.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
Western District of Texas
San Antonio Division

| In re | Bankr. Case No. |
|---|---|
| Gene R. Rosas | 10-52571-C |
| *Debtor* | Chapter 13 |

## Order Denying Motion for Expedited Consideration of Debtor's Motion for Imposition of Stay Pursuant to 11 U.S.C. § 362(c)(3)(B)

Came on for consideration the foregoing matter. The debtor filed this bankruptcy case on July 6, 2010. The debtor had a previous case pending within one year of the filing of this case. *See* Bankr. Case No. 09-51676, *In re Gene R. Rosas* (closed Feb. 8, 2010). That case was dismissed on motion of the trustee for summary dismissal, for failing to show up at the first meeting of creditors.

The debtor filed a motion to extend the automatic stay, pursuant to section 362(c)(3)(B) on August 3, 2010. That motion was filed with 20 day negative notice, even though the statute states that the hearing on a motion to extend the stay under that section must be *concluded* within 30 days of the filing of the bankruptcy case.

Apparently realizing this, the debtor also filed a motion (also on August 3, 2010) asking for an expedited hearing on the motion to extend the automatic stay. The court received the pleading the morning of August 4, 2010. The 30th day following the filing date is August 5, 2010.

As a result of the debtor's delay in asking for relief under section 362(c)(3)(B), the debtor now finds that there are only two days left in order to obtain relief. This was not the fault of the court. Nor was it the fault of the debtor's creditors. The debtor has created his own emergency by waiting until the last minute to ask for an expedited hearing. There is no explanation in the motion for why the motion to extend the stay was not filed earlier in this case.

The court is not obligated to grant relief for emergencies of the debtor's own making. *See In re Villareal*, 160 B.R. 786, 787 (Bankr. W.D.Tex. 1993). That is what has taken place here. The debtor waited until the last minute, then pleaded for the court to rescue him from his own tardiness.[1]

Moreover, in this case there is the additional question of affording affected creditors due process of law. The debtor has himself introduced confusion by filing a motion with twenty day negative notice, while at the same time filing a motion for expedited consideration of that self-same motion. In the process, creditors are likely to be uncertain of how (or even whether) they will have fair notice and an opportunity for a

---

[1] The Second Circuit would describe this tactic as a fine example of chutzpah, the classic definition of which is "that quality enshrined in a man who, having killed his mother and father, throws himself on the mercy of the court because he is an orphan." *Motorola Credit v. Uzan,* 2009 U.S. App. LEXIS 6970 (2nd Cir. Feb. 9, 2009) (quoting Leo Rosten, The Joys of Yiddish 92 (1968)). The court there also cited a district court decision, which gave as a more recent (and real) example of chutzpah the case of an individual who, after being mauled by the 450-pound Siberian tiger he had been raising in his fifth floor apartment along with an alligator, sued the city and the police who entered the apartment in an effort to rescue the animals for doing so without a search warrant. *See Yates v. City of New York*, 2006 U.S. Dist. LEXIS 54199 at *1 (S.D.N.Y. Aug. 4, 2006).

hearing if they wish to oppose the relief requested. And there can be little doubt that the imposition of the stay is a matter with respect to which creditors are entitled to due process of law, given that the relief would result in a limitation on creditors' freedom of action, and could adversely affect their interests in property. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). It is difficult to see how one days' notice is appropriate under the circumstances, even if the right to due process in this case would otherwise survive constitutional muster. *See United States Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1378 (2010). Section 102(1) permits the court to set matters on a highly expedited basis, but only where the circumstances otherwise so warrant. *See* 11 U.S.C. § 102(1). Here, there are no special circumstances that warrant abridging creditors' right to adequate notice. There is only the debtor, narcissistically focused only on himself, and oblivious to the creditors' justified right to advance notice reasonably calculated to afford them a fair opportunity for a hearing.

For the reasons stated, the motion for expedited hearing is denied.

### # # #